UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

IN RE: AIR CRASH OFF THE COST OF
NANTUCKET ISLAND, MASSACHUSETTS ON
OCTOBER 31, 1999

**ORDER**
Case No. 00-MD-1344 (FB) (KAM)

------------------------------------------------------------------x

The Court *sua sponte* recuses itself from all remaining claims asserted by decedent families; however, the Court retains jurisdiction over the related case *The Boeing Company v. Egypt Air, et al.*, 02-CV-2540. The remaining claims have been reassigned to Judge Brian M. Cogan for all purposes, including pending motions to be relieved as counsel; within 10 days of entry of this Order, counsel for Egypt Air and the remaining plaintiffs shall make a joint submission to Judge Cogan identifying all plaintiffs whose claims remain unsettled.[1]

Because of the Court's familiarity with this action, this Order is not entered without considerable deliberation; however, given the Court's intimate involvement in encouraging settlement of the remaining claims, *see*, *e.g.*, Docket Entry # 451 (Order requiring plaintiffs' counsel to present settlement options to remaining plaintiffs), and the remaining plaintiffs' vociferous objection to settling their claims, *see*, *e.g.*, Docket Entry # 452 (remaining plaintiffs' letter expressing refusal to settle), the Court concludes that recusal is necessary to maintain the appearance of impropriety. *See* 28 U.S.C. § 455(a)

---

[1] Counsel for Egypt Air has informed the Court that there are approximately 25 such claims.

(requiring disqualification where a judge's "impartiality might reasonably be questioned"); *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 860 (1988) ("The goal of section 455(a) is to avoid even the appearance of partiality." (citation and quotation marks omitted)).

**SO ORDERED**

/signed/
_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
May 16, 2007